IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| ROBERTO G. LUCIO §<br>   *Plaintiff*. §<br>§<br>§<br>v. §<br>§<br>FERN AT TENTH LLC, BERT §<br>OGDEN MOTORS, INC., FIESTA §<br>NISSAN, INC. and §<br>ROBERT C. VACKAR §<br>   *Defendants*. § | Cause No.<br>(Jury Demanded) |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW, Roberto G. Lucio ("Plaintiff"), and files this Original Complaint against Fern at Tenth LLC, Bert Ogden Motors, Inc., Fiesta Nissan, Inc. and Robert C. Vackar ("Vackar"), hereinafter "Defendants" and in support thereof would show the Court and Jury as follows:

### A.  INTRODUCTION

1. Plaintiff demands a JURY TRIAL in this case as to any and all issues triable to a jury.

2. Plaintiff Roberto G. Lucio alleges he was constructively discharged from his position of employment with Defendants, discriminated and retaliated against by Defendants' owner Defendant Vackar and/or Defendants' agents or

1

employees in violation of Title VII of the Civil Rights Act of 1964, as amended, based on his sex. This action seeks equitable relief, compensatory damages, liquidated damages, mental anguish damages, attorneys' fees, expert witness fees, taxable court costs, and pre-judgment and post-judgment interest.

3.  Additionally, Plaintiff alleges that Defendants, by and through their agents and/or employees subjected him to severe and pervasive harassment, sexual harassment, retaliation and inequitable terms and conditions due to his sex.

### B.   PARTIES

4.  Plaintiff, Roberto G. Lucio (herein "Lucio" or "Plaintiff Lucio") is an individual residing in the Southern District of Texas.

5.  Defendant, Fern at Tenth LLC is a domestic for-profit corporation that may be served with process through its registered agent, Robert C. Vackar; 3201 N. 10th Street, McAllen, Texas 78501; or wherever he may be found.

6.  Defendant, Bert Ogden Motors, Inc. is a domestic for-profit corporation that may be served with process through its registered agent, Robert C. Vackar at 4221 S. 281 Hwy, Edinburg, Texas 78539 or wherever he may be found.

7.  Fiesta Nissan, Inc. is a domestic for-profit corporation that may be served with process through its registered agent Natasha Del Barrio at 3201 N. 10th Street, McAllen, Texas 78501 or wherever she may be found.

8. Defendant, Robert C. Vackar is an individual residing in the Southern District of Texas and may be served with process at 104 Canary Ave., McAllen, Texas 78504 or wherever he may be found.

### C. MISNOMER / ALTER EGO

9. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### D. JURISDICTION AND VENUE

10. The Court has jurisdiction over the lawsuit because the suit arises under Title VII of the Civil Rights Act of 1964, as amended.

11. The administrative prerequisites for filing this cause of action have been fulfilled. A right-to-sue letter was issued by the Texas Workforce Commission ("TWC") on April 11, 2019 and received by Plaintiff on April 23, 2019. *Please see Notice of Right to Sue letter attached as Exhibit 1*.

12. Venue is proper in the Southern District of Texas, McAllen Division pursuant to 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2), because among other reasons, Defendants are doing business in this district and division; Plaintiff Lucio worked

for Defendants in this district and division; and a substantial part of the events giving rise to the claim occurred in this district and division.

### E.   STATEMENT OF FACTS

13. Plaintiff Lucio is a male.

14. Plaintiff Lucio was hired by Defendant Bert Ogden Motors Inc. on or around May 2009. Plaintiff worked for the Defendant for approximately 9 years.

15. Defendant, Vackar is the owner of Fern at Tenth LLC and was Plaintiff's head supervisor.

16. At all times material hereto, Defendants Bert Ogden Motors Inc, Fiesta Nissan Inc. and Fern at Tenth LLC were Plaintiff's employers.

17. Plaintiff Lucio was employed by Defendant as a Sales Manager of Defendant Bert Ogden Motors, Inc. at the time of hire and through his hard work and dedication to the job, was later promoted to Chief Operating Officer (C.O.O.) of the company.

18. Plaintiff Lucio continuously performed well, he did not receive any negative reports, became "the face" of the company, far exceeded his expectations of the company and was praised by all personnel of the company.

19. Defendant's Chief Executive Officer (female CEO), Natasha Del Barrio began pursing Plaintiff while serving as his immediate supervisor. Del Barrio engaged in sexual harassment of Plaintiff on several occasions by way of verbal

communication, telephone calls, text messages and physical interaction. The harassment began in the summer of 2017 and continued until the end of that year. The interaction was daily.

20.     Plaintiff felt he was required to engage in the sexual communication and relationship with Del Barrio due to her position and authority over him in order to keep his job.

21.     Defendant Robert Vackar (Vackar) became aware of the sexual harassment in November 2017, but did not confront Plaintiff about it until November 17, 2017. At this point, Defendant Vackar retaliated against Plaintiff and engaged in a series of behavior that continually harassed and threatened Plaintiff.

22.     Vackar ratified the conduct of Del Barrio by failing to investigate the situation and failing to take any action against her. Instead, Defendant singled out Plaintiff and took egregious actions against him, encouraging a hostile environment.

23.     Vackar immediately tried to cover up the events and threatened to terminate Plaintiff's employment. Vackar banned Plaintiff from attending company events and was ordered to delete any text messages that Plaintiff had with Del Barrio.

24.     Vackar made it clear to Plaintiff that he had already sought an opinion from his attorney and said that he could "fire his (Plaintiff's) ass" and keep Del Barrio (female).

25. Vackar would follow Plaintiff around, have other employees report to him on Plaintiff's whereabouts and actions, interrogate him on numerous occasions, forbid Plaintiff from communicating with Del Barrio (CEO) for any reason, kicked him out of his office, did not allow Plaintiff to oversee company meetings, did not allow Plaintiff to close the door to the office. Vackar's threatening and harassing actions made Plaintiff's duties and obligations as the C.O.O. impossible.

26. Defendant even ordered other employees to delete any audio or video recordings that existed where the relationship between Plaintiff and Del Barrio were discussed.

27. Del Barrio threatened Plaintiff with termination if he "did not get into Vackar's good graces".

28. Defendant's Owner advised Del Barrio to "be a bitch" with Plaintiff.

29. Defendant's Owner told Plaintiff that he would not be handling this matter through Human Resources as he did not want anything negative to be in Del Barrio's personnel file.

30. Plaintiff made several good faith complaints about this discriminatory and harassing treatment against him, to no avail.

31. Plaintiff Lucio was promised by Vackar to be partner of a dealership (Fiesta Nissan). Plaintiff continued his employment with the Defendant relying on this promise to his detriment.

32. Contrary to Plaintiff, Del Barrio (female) was not threatened, harassed or treated differently for engaging in sexual harassment against Plaintiff. Moreover, Defendant did not take any duties or authority away from Del Barrio. Instead, Del Barrio was seemingly given more authority, and became "the face" of the company, thereby removing Lucio as "the face" to the public. Plaintiff was victimized and targeted by Defendant.

33. As a result of the ongoing discrimination, harassment and retaliation, Vackar unreasonably interfered with Plaintiff's work performance and created an intimidating, hostile, humiliating and offensive work environment ultimately leaving the Plaintiff no option but to resign.

34. In the Charge of Discrimination Plaintiff Lucio alleged discrimination in the terms and conditions of his employment due to his sex, and in retaliation for complaining of sexual harassment by his immediate supervisor.

### F.     PLAINTIFF LUCIO'S CAUSES OF ACTION

35. Plaintiff asserts the following causes of action:

### VIOLATION OF FEDERAL DISCRIMINATION LAWS

36. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

37. The actions of Defendants' agents and employees were in violation of Federal law under Title VII of the Civil Rights Act of 1964, as amended, in that

Plaintiff Lucio was constructively discharged from his position as C.O.O. and suffered discrimination in terms, conditions, and privileges of his employment due to his sex. Plaintiff Lucio suffered discrimination and harassment by Defendant Robert Vackar, CEO Del Barrio, and employees, and Vackar, CEO, agents and employees retaliated against him by perpetrating continuous harassment, verbal abuse, threats, and false allegations, treating him differently solely based on his sex.

38. Plaintiff seeks an award of all damages to which he is entitled including loss of income and benefits in an amount to be proven at trial for the discrimination as aforesaid.

## HOSTILE WORK ENVIRONMENT

39. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

40. Plaintiff alleges that the acts alleged herein created a hostile work environment based upon discrimination and retaliation for which he is entitled to an award of all damages to which he is entitled in an amount to be proven at trial. Plaintiff Lucio endured discrimination and harassment from his supervisors in the form of unequal treatment, denial of access to job opportunities, threats and intimidation, ultimately requiring the Plaintiff to endure this conduct as a condition of his employment and leading to being constructively discharged.

## RETALIATION

41. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

42. The actions of Defendants' agent and employees against Plaintiff were in retaliation for his complaint of sexual harassment by his immediate supervisor. After Plaintiff Lucio's complaint, the Defendant began threatening his job, and treated Plaintiff differently than the other similarly situated employee (CEO) because of the Plaintiff's complaint to and discovery by Vackar. The treatment experienced by the Plaintiff was harmful, disparaging, discriminatory, retaliatory, and directly aimed at Plaintiff to force him to quit and therefore ridding him of the opportunity for the partnership of a dealership. The difference in treatment by the Defendant's owner created a hostile environment because the Plaintiff was forced to endure the disparaging and unequal treatment as a condition of his employment.

### FRAUDLENT INDUCEMENT, MISREPRESENATION, AND PROMISSORY ESTOPPEL

43. Defendant Vackar made a promise to the Plaintiff regarding the terms of his employment, including the future ownership of a dealership, when it was foreseeable to the Vackar that Plaintiff would rely on this promise. Plaintiff reasonably and substantially relied on the promise to his detriment and injustice can be avoided only by enforcing the Defendant's promise. Plaintiff seeks all damages for injuries related to the Defendant's false promises.

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

44. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

45. Plaintiff pleads this cause of action in the alternative, Defendants intentionally or recklessly acted in an extreme and outrageous manner proximately causing the Plaintiff to suffer severe emotional distress. Defendants' actions and treatment against Plaintiff caused extreme and severe emotional distress for Plaintiff. As stated above, Vackar's extreme and outrageous actions left Plaintiff no other option but to end an employment relationship. Plaintiff was forced to undergo several months of verbal abuse, threats, and intimidation. Plaintiff will seek damages for the emotional injuries suffered for the severe emotional harm caused by the Defendants.

### G. ATTORNEYS' FEES

46. Defendants' actions and conduct as described herein and the resulting damage and loss to Plaintiff has necessitated Plaintiff retaining the services of the attorneys listed in this pleading. Plaintiff seeks recovery of reasonable and necessary attorneys' fees pursuant to Title VII of the Civil Rights Act of 1964, as amended, and State Law Claims.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer, and that on final hearing of this cause, Plaintiff has the following relief:

a. Judgment against Defendants for actual damages sustained by the Plaintiff as alleged herein;

b. Grant Plaintiff general damages for Defendants' violations of Title VII of the Civil Rights Act of 1964, as amended;

c. Compensatory damages;

d. Pre-judgment interest at the highest legal rate;

e. Post-judgment interest at the highest legal rate until paid;

f. Damages for mental pain and mental anguish;

g. Liquidated damages;

h. Attorney's fees;

i. All costs of court;

j. Such other and further relief, at law or in equity, general or special, to which Plaintiff may show he is justly entitled.

**Respectfully Submitted,**

BY/s/ _____

GEORGE K. FARAH
State Bar No. 24040882
Federal ID No. 38353
Attorney -in- Charge
Farah Law Group PLLC
1211 Hyde Park Blvd.
Houston, Texas 77006
T: (713) 529-6606
F: (713) 529-6605
E: gkf@gflawoffices.com

ALYSSA L. ROMERO
State Bar No. 24084725
Federal ID No. 2209518
E: alr@gflawoffices.com
Of Counsel